UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAR-FRESHNER CORPORATION and | § | |
| JULIUS SÄMANN LTD., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 5:19-cv-1388 (BKS/TWD) |
| | § | |
| ZUMIEZ INC., BORED TEENAGER LLC, | § | |
| CASUAL INDUSTREES LLC, | § | |
| DIAMOND SUPPLY COMPANY, | § | |
| QPD INTERNATIONAL INC., and | § | |
| THEHIGHANDMIGHTY LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CASUAL INDUSTREE'S MEMORANDUM
IN SUPPORT OF MOTION TO DIMISS
FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

I.    Introduction ............................................................................................................... 1

II.   Argument .................................................................................................................... 1

      A.    No Minimum Contacts.......................................................................................... 1

      B.    No Fair Play ......................................................................................................... 3

III.  Conclusion.................................................................................................................. 5

Defendant Casual Industrees LLC ("Casual") hereby file this motion to dismiss Plaintiff's suit for lack of personal jurisdiction, as authorized by Federal Rule of Procedure 12(b)(2).

## I.  INTRODUCTION

1.      Plaintiffs are Car-Freshner Corporation ("CFC") and Julius Samann Ltd. (JSL"); Defendants are Casual, Zumiez Inc. ("Zumiez"), Bored Teenager LLC ("Teenager"), Diamond Supply Company ("Diamond"), QPD International Inc. ("QPD"), and thehighandmighty LLC ("High & Mighty").

2.      Plaintiffs sued Defendants for various federal and New York trademark infringement related causes of action in the Northern District of New York, Syracuse Division.

3.      Casual is a nonresident of New York and has had no purposeful contacts with New York. Defendant is corporation and does not reside in New York. Defendant resides in Seattle, Washington.

## II.  ARGUMENT

4.      Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

**A.      No Minimum Contacts**

5.      Under minimum-contacts analysis, the court must determine whether the nonresident defendant has purposefully availed itself of the benefits and protections of the forum state by conducting activities within the forum state. *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano County*, 480 U.S. 102, 109 (1987); *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008). In measuring minimum contacts, the court should consider the following: (1) the nature and

quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the claim to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Steinbuch*, 518 F.3d at 586. Minimum contacts are not established unless the court finds it has either specific or general jurisdiction over the defendant. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009); *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993).

6.     The court cannot exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were purposefully directed to the forum state and the litigation resulted from alleged injuries that arise from or relate to those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). This court does not have specific jurisdiction over Casual because it did not purposefully direct its activities to New York and Plaintiffs' claims do not arise from or relate to Casual's contacts with New York. Rather, Plaintiffs' claims arose from allegedly ordering a single, solitary air-freshener from Casual's website and having it shipped to New York. Plaintiffs have presented no actual evidence showing they actually purchased and received the item in New York and have failed to disclose when and who purchased the item. It's possible that Plaintiffs have no other evidence of Casual's contact with New York and purchased the item themselves to manufacture this court's jurisdiction over Casual. If that is the case, it is a serious issue that would call into question whether Casual has been afforded due process. Plaintiffs should not be able to manufacture jurisdiction in such a manner. Nevertheless, Casual does not direct its activities to New York.  It is a relatively small, regional company that focuses its products on the Pacific Northwest.  Casual has one retail location in the entire country, which doubles as its headquarters. Casual's merchandise is only physically available in a handful of retailers in the Seattle area. *See* Decl. of Daniel M. Reid at ¶¶ 3 and 4.

2

7.     In addition, Plaintiffs have alleged Casual has contacts with New York through its relationship with co-defendant Zumiez. Again, Casual has not purposely directed its products to New York through Zumiez because Casual simply sells products to Zumiez and Zumiez decides when, where, and how to market the products. Casual has no say in this and therefore cannot be said to purposely direct its activities to anywhere that Zumiez may resell Casual's products. *See id.* at ¶5.

8.     Other than this solitary air-freshener Plaintiffs have shown no other purposeful contacts Casual has with New York.

9.     The court cannot exercise general jurisdiction over a nonresident defendant unless there are continuous and systematic contacts between the nonresident defendant and the forum state. *See Helicopteros*, 466 U.S. at 415-16. The court does not have general jurisdiction over Casual because Casual has not had continuous or systematic contacts with New York. Casual has no place of business in New York, does not direct any marketing to New York, and does not intentionally conduct business within New York.

10.    A single, solitary internet sale (that may not have occurred until after Plaintiffs intended to bring suit) is not enough to confer jurisdiction on a defendant-website operator with no broader e-commerce activity in the forum state. *See Boschetto v. Hansing,* 539 F.3d 1011, 1018-1019 (9th Cir.2008).

**B.     No Fair Play**

11.    This court's assumption of jurisdiction over Casual and its property would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *See Int'l Shoe*, 326 U.S. at 316. Upon examining the following factors, the court will see that the notions of fairplay and justice would not be served by assuming jurisdiction over Casual: (1) the burden on defendant; (2) the forum state's interest in

3

adjudicating the dispute; (3) plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of all the states in furthering fundamental, substantive social policies.

12.     The court's assumption of jurisdiction over Casual and its property would place an extraordinary burden on Defendant. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 479-80 (4th Cir. 1993); *see TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1292-93 (10th Cir. 2007). Casual is a small, regional business located in the Pacific Northwest. *See* Decl. of Daniel M. Reid at ¶ 3. None of Casual's records, files, or witnesses are located in the forum state and any travel would be clear across the country. *See id.* at ¶ 6. Just travel expenses for one trip to the Northern District by the owner-operator would come close to eclipsing the probable damages against Casual. *See id.* at ¶¶ 7 and 8.

13.     The court's assumption of jurisdiction over Casual and its property would serve no interest of the forum state. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 479-80 (4th Cir. 1993); *see TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1293-94 (10th Cir. 2007). There is no overarching interest in Plaintiffs' case against Casual that would require a New York court to adjudicate the dispute especially given that both New York and Washington's trademark laws are based on the Model State Trademark Bill and Washington has its own state prohibiting trademark infringement. *See* Revised Code of Washington 19.77.140.

14.     The court's assumption of jurisdiction over Casual and its property would allow Plaintiffs to prosecute their suit in the forum state even though they could obtain the same or similar relief in Washington. *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1294 (10th Cir. 2007); *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 479-

80 (4th Cir. 1993). As stated above, Washington has its own trademark infringement laws and obviously the federal statutes apply there as well.

15.     The court's assumption of jurisdiction over Casual and its property would prevent the parties from resolving this dispute more efficiently in another forum. *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1296-97 (10th Cir. 2007); *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 479-80 (4th Cir. 1993). Perhaps the most efficient vehicle for resolving any dispute with court intervention, given the probable damages, would be Washington small claims court. If Plaintiffs' are going to enforce their judgment, they will have to domesticate it into Washington state court or transfer the judgment to Washington federal district court, so they might as well commence their suit there.

16.     The court's assumption of jurisdiction over Casual and its property would not further any fundamental, substantive social policy interest of all the states. *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1297 (10th Cir. 2007); *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 479-80 (4th Cir. 1993). This is especially so considering each relevant state has their own trademarks laws that are roughly similar to federal law.

### III.  CONCLUSION

17.     Casual has had no minimum contacts with New York. Furthermore, the court's assumption of jurisdiction over Defendant would offend traditional notions of fair play and substantial justice and would be inconsistent with due process of law. For these reasons, Defendant asks the court to dismiss all of Plaintiffs' claims.

Dated: December 10, 2019                     Respectfully submitted,

                                       /s/ *William T. Reid, IV*
                                       William T. Reid, IV (NY 4487807)
                                       REID COLLINS & TSAI LLP
                                       8910 Seventh Avenue, Suite 410
                                       New York, NY 10019
                                       T: 212-344-5200
                                       F: 212-344-5299
                                       Email: wreid@reidcollins.com

                                       *Attorneys for Defendant*
                                       *Casual Industrees LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 10, 2019, he caused the foregoing document

to be filed using the electronic case file system of the Court, which will provide notification of this

filing to all attorneys of this case who are registered ECF users.

/s/ *William T. Reid, IV*
William T. Reid, IV
