UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAR-FRESHNER CORPORATION AND JULIUS SÄMANN LTD.,

          Plaintiffs,

v.

ZUMIEZ INC., BORED TEENAGER LLC, CASUAL INDUSTREES LLC, DIAMOND SUPPLY COMPANY, QPD INTERNATIONAL INC., and THEHIGHANDMIGHTY LLC,

          Defendants.

**CIVIL CASE MANAGEMENT PLAN**

Civil Action No. 5:19-cv-01388 (BKS/TWD)

---

**IT IS HEREBY ORDERED that,** Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable THÉRÈSE W. DANCKS, United States Magistrate Judge on **February 10, 2020, at 9:30 AM**. All conferences are conducted by telephone.  Plaintiffs' attorney will initiate the call (unless the Court directs differently) and shall contact Judge Dancks' Chambers at 315-234-8618 (a dedicated line solely for telephone conferences) once all parties are on the line.  Counsel may use a teleconferencing service for assistance initiating conference calls to the Court.  For cases involving pro se parties, the Court will initiate the call for the Rule 16 Conference.  Pro se parties are instructed to provide the Court with a telephone number where they may be reached for a conference call.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court.  Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1) **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before the **11th** day of **May, 2020**.

2) **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before the **11th** day of **May, 2020**.

3) **DISCOVERY**: All fact discovery in this action shall be completed on or before the **13th** day of **October, 2020**.  **(Discovery time table is to be based on the complexity of the action)**

4) **MOTIONS**: All motions, including discovery motions, shall be made on or before the **12th** day of **November, 2020**. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5) **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before the **8th** day of **March, 2021**. It is anticipated that the trial will take approximately **4** days to complete. The parties request that the trial be held in **Syracuse**, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date)**

6) **HAVE THE PARTIES FILED A JURY DEMAND**: _X_ (YES)/___(NO)

7) **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

   The Court has original and supplemental jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 because this action arises under the Lanham Trademark Act, related state statutes, and common law.

   Only one defendant, Casual Industrees, has contested personal jurisdiction. Casual Industrees has made a motion to dismiss on that basis, and Plaintiffs are opposing that motion.

   All parties have been served.

8) **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFFS' CLAIMS AND DEFENDANTS' DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

   <u>Plaintiffs' Position</u>. For over sixty years, under license from Julius Sämann Ltd. ("JSL") and its predecessors, CAR-FRESHNER Corporation ("CFC") and its predecessors have used trademarks comprising or containing a distinctive abstract Tree design (the "Tree Design Marks") in connection with the marketing and sale of their world famous air fresheners, and have also used those marks on a wide variety of other consumer goods, including t-shirts. In addition, since at least as early as 2004, CFC, through license from JSL, has also used trademarks containing or comprising the words BLACK ICE (the "BLACK ICE Marks") on and in connection with the marketing and sale of air fresheners.

   Plaintiffs contend that Defendants Zumiez and High & Mighty, without authorization from Plaintiffs, have offered for sale and sold air fresheners and t-shirts that use spurious marks identical to, or substantially indistinguishable from Plaintiffs' famous Tree Design Marks. Plaintiffs further contend that all Defendants (except High & Mighty) have infringed Plaintiffs' BLACK ICE Marks by using "Black Ice" on and in connection with the marketing of air fresheners. It is Plaintiffs' position that Defendants' actions have and will cause confusion, mistake, or deception as to the source, origin, affiliation, association, or sponsorship of Defendants' goods, as well as dilute and impair the distinctiveness of Plaintiffs' famous marks, and that the sundry affirmative defenses Defendants have asserted

(*e.g.*, "fair use" and "parody") have no merit. Accordingly, Plaintiffs have asserted claims for trademark infringement, unfair competition, and trademark dilution against all Defendants under the Lanham Act and New York State law, and trademark counterfeiting against Zumiez and High & Mighty under the Lanham Act.

<u>Defendants' Position</u>.   Defendants contend that Plaintiffs' BLACK ICE marks are non-inherently distinctive and have failed to achieve a secondary meaning. Even if Plaintiffs' BLACK ICE or Tree Design marks are distinctive, Plaintiffs cannot show confusion, mistake, or deception as to the source, origin, affiliation, association, or sponsorship of Defendants' goods. In addition, Defendants' use of the BLACK ICE and Tree Design marks fall under the doctrines of fair use and parody. Defendants also argue that if there was any infringement, it was not done knowingly, intentionally, or willfully and therefore Plaintiffs' are not entitled to treble damages.

9) **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

<u>Plaintiffs' Position</u>.   Whether Defendants' conduct constitutes actionable trademark counterfeiting, trademark infringement, dilution, and unfair competition, and the amount of Defendants' ill-gotten gains.

<u>Defendants' Position</u>.   Whether Plaintiffs' BLACK ICE marks are non-inherently distinctive and if so, whether the marks have achieved a secondary meaning. Whether Plaintiffs' can show likelihood of confusion. Whether the Defendants' use of the BLACK ICE or Tree Design marks fall under fair use or parody. If there was an infringement of Plaintiffs' marks, whether it was done knowingly, intentionally or willfully.

10) **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

It may be possible to narrow the issues by motion or stipulation, but the parties cannot fully assess the viability of either option at this early stage of the litigation.

11) **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

<u>Plaintiffs' Position</u>.   Plaintiffs seek injunctive relief, an accounting of Defendants' profits, recovery of three times Defendants' profits pursuant to 15 U.S.C. § 1117(a), and attorneys' fees and costs.

<u>Defendants' Position</u>.   Defendants seek dismissal of all claims and attorneys' fees and costs.

12) **DISCOVERY PLAN:**

   A.   <u>**Mandatory Disclosures**</u>

*The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.*

The parties will exchange mandatory disclosures required under Rule 26(a)(1) on or before the **3rd** day of **February 2020**.

B.  **Subjects of Disclosure**

*Plaintiffs are seeking discovery on the following topics to which Defendants reserve their right to object:*

- Defendants' alleged infringement and dilution of the Tree Design Marks and BLACK ICE Marks (collectively, the "Marks");

- Defendants' knowledge of the Marks;

- Defendants' willfulness with regard to infringement of the Marks;

- Defendants' gains, profits, and advantages derived from their alleged infringement of the Marks;

- Jurisdictional discovery, to the extent necessary, as to Casual Industrees.

*Defendants are seeking discovery on the following topics to which Plaintiffs reserve their right to object:*

- The first use dates/priority dates of the Marks; geographical scope of use; registrations and applications for registrations; chain of title of assignments and licenses; motive/intent for adoption of the mark;

- Information on sales, advertising and promotional expenses, advertising methods, and trade channels;

- Actual confusion or misdirected communications; loss of goodwill;

- Past enforcement actions or acquiescence as to third-party marks;

- Consumer perception and awareness of the Marks, market research and surveys;

- Information on dilution, loss of distinctiveness, and tarnishment;

- Any other facts relevant to likelihood of confusion, genericness, descriptiveness, etc.;

- Third party use of the Marks, and Plaintiffs' knowledge thereof, either with or without permission through license or otherwise; and

- ❖ Discovery of the facts underlying Plaintiffs' jurisdictional allegations as they apply to Casual Industrees.

C.   **Discovery Sequence**

*Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.*

The parties anticipate exchanging initial interrogatories and requests for production of documents prior to engaging in depositions. It is not anticipated at this time that discovery will be phased to address different issues in stages.

D.   **Written Discovery**

*Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.*

The parties anticipate propounding written discovery, including written interrogatories and requests for production. The scope of such discovery will concern the subjects of disclosure identified above, subject to each party's reservation of its right to object. At this time, the parties do not anticipate exceeding the number of interrogatories permitted under Rule 33, but reserve the right to seek permission from the Court to do so, if necessary.

E.   **Depositions**

*Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.*

The parties anticipate taking the depositions of fact, expert, and non-party witnesses within the limits dictated by the Federal Rules of Civil Procedure. The total number of depositions is presently unknown, but the parties will cooperate to schedule depositions at mutually convenient dates and locations.

F. **Experts**

*Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).*

The parties have not determined at this time whether experts will be retained. The parties do not seek a variance from the timing requirements for expert disclosures in the form uniform pretrial scheduling order typically issued by the Court. The parties request that those deadlines be assigned according to the burden of proof, *i.e.*, that expert disclosures on issues for which a party bears the burden of proof be due ninety days before the discovery deadline, that expert disclosures on issues for which the party does not bear the burden of proof be due forty-five days before the discovery deadline, and that rebuttal expert disclosures be due thirty days before the discovery deadline.

G. **Electronic Discovery**

*Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.*

The parties anticipate that discovery of electronically stored information ("ESI"), if any, will be conducted in accordance with Federal Rules 26 and 34. The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. The parties agree to address any such issues in the event they arise.

In the protective order discussed *infra*, the parties will include contingencies for the inadvertent disclosure of privileged material, whether ESI or non-ESI.

H. **Protective Orders**

*If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.*

The parties anticipate the need to enter into a protective order governing the exchange and use of confidential business information relevant to this litigation. The parties, in good faith, will prepare such an agreement for the Court's consideration and approval.

### I. Anticipated Issues Requiring Court Intervention

*Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.*

The parties do not anticipate any discovery-related issues at this time; however, should future disputes arise, the parties will bring such issues to the Court's attention pursuant to the Federal and Local Rules of Civil Procedure.

13) **IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

At this early stage of proceedings, the parties are not able to determine whether the length of trial may be reduced by stipulations or some other means.

14) **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

Upon information and belief, there are no related cases pending before the Judges of this Court, *i.e.*, the Northern District of New York.

15) **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A.

16) **WHAT ARE THE PROSPECTS FOR SETTLEMENT?   Please circle below the prospect for settlement:**

1-----2-----3-----4-----[5]-----6-----7-----8-----9-----10

**(VERY UNLIKELY)**→→→→→→→→→ **(LIKELY)**

CANNOT BE EVALUATED PRIOR TO _____N/A_____ (DATE)

DEFENDANTS BELIEVE THAT THE PROSPECT OF SETTLEMENT IS LIKELY (9) AND CAN BE ACCOMPLISHED PRIOR TO DEPOSITIONS AND WRITTEN DISCOVERY.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

Unknown at this time.

*(Do not indicate monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE – Subject to Mandatory Mediation under General Order #47.***

17) **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    A.    Reviewed General Order #47?    ☒YES/NO

    B.    Reviewed the List of Court Approved Mediators available on the NDNY website? ☒YES/NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?    ☒YES/NO

    D.    Discussed the time frame needed to complete Mandatory Mediation?    ☒YES/NO

`***************************************************************************`

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on **January 30, 2020 telephonically** and was attended by:

<u>Louis Orbach, Esq. and Liza R. Magley, Esq., of Bond, Schoeneck & King, PLLC</u> for Plaintiffs;

<u>Jenna Harris, Esq. of Ritholz Levy Fields LLP</u> for Defendants Diamond Supply Company and TheHighAndMighty LLC; and

<u>Sean D. Johnson of Reid Collins & Tsai LLP</u>, for Defendant Casual Industrees, LLC.

<u>Kara Marie Steger of Foster Garvey P.C.</u>, for Defendants Zumiez Inc., Bored Teenager LLC, and QPD International Inc., was unable to participate in the call as-scheduled, but has consented to this plan.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to the Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***